# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

Ronald Davis,
Petitioner Below, Petitioner

vs.)  No. 17-0261  (Jackson County 14-C-22)

Donnie Ames, Superintendent,
Mt. Olive Correctional Complex,
Respondent Below, Respondent

**FILED**

**April 19, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Ronald Davis, by counsel Timothy P. Rosinsky, appeals the December 28, 2016, order of the Circuit Court of Jackson County denying his petition for writ of habeas corpus. Respondent Donnie Ames,[1] Superintendent, Mt. Olive Correctional Complex, by counsel Holly M. Flanigan, filed a response in support of the circuit court's order. On appeal, petitioner alleges that the circuit court erred in denying him habeas relief because he received ineffective assistance of counsel, the evidence presented was insufficient to sustain his conviction, he should have been granted a change of venue due to the fact that his trial was tainted by pretrial publicity, his sentences are excessive, and the State knowingly used perjured testimony.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On September 23, 2010, petitioner barricaded the front door and windows of a home he shared with the victim, Carol Parsons, and set fire to the home. Ms. Parsons was inside and died as a result of the fire. Ms. Parsons's daughter and son-in-law lived beside the mobile home and reported that they heard pounding and a scream from Ms. Parsons's home on the night in question. The victim's son-in-law reported to police that he saw petitioner bend over on Ms. Parsons's front porch immediately before a ball of flames shot up over his head. Witnesses at the scene attempted to rescue Ms. Parsons but were unsuccessful. Several witnesses stated that while they attempted to rescue Ms. Parsons, petitioner watched, petted a dog, barked, laughed, and whittled wood. He

---

[1] Effective July 1, 2018, the positions formerly designated as "wardens" are now designated "superintendents." *See* W.Va. Code § 15A-5-3. Moreover, petitioner originally listed Ralph Terry as respondent in this action. Mr. Terry is no longer the warden at Mt. Olive Correctional Complex. Accordingly, the appropriate public officer has been substituted pursuant to Rule 41 of the Rules of Appellate Procedure.

1

also stated to Ms. Parsons's family that night that he "burned her alive." When police arrived on the scene, petitioner gave inconsistent accounts of his whereabouts when the fire started. Petitioner was indicted on one count of first-degree murder and one count of first-degree arson. After a jury trial, by order entered on September 8, 2011, he was convicted and sentenced to life, without mercy, for first-degree murder and twenty years of incarceration for first-degree arson, said sentences to run consecutively. Petitioner filed a direct appeal, and this Court affirmed his convictions. *See State v. Davis*, 232 W. Va. 398, 752 S.E.2d 429 (2013).

Petitioner filed a pro se petition for writ of habeas corpus in the circuit court on February 24, 2014. He was appointed counsel and an amended petition was filed. Petitioner argued that his rights under the Sixth Amendment of the United States Constitution and Article III, Section 17 of the West Virginia Constitution were violated by the ineffective assistance of counsel, the evidence presented was insufficient to sustain his conviction, he should have been granted a change of venue because his trial was tainted by pretrial publicity, his sentences are excessive, and the State knowingly used perjured testimony. An omnibus hearing was held on November 11, 2016, and the circuit court denied petitioner habeas corpus relief by order entered on December 28, 2016. It is from this order that petitioner appeals.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W. Va. 375, 701 S.E.2d 97 (2009).

Petitioner raises five assignments of error on appeal. First, he contends that he is entitled to habeas corpus relief due to ineffective assistance of counsel. Petitioner acknowledges that ineffective assistance of counsel claims are governed by the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), which states that, in order to prevail on a claim of ineffective assistance of counsel, petitioner must show that "(1) [c]ounsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syl. Pt. 5, in relevant part, *State v. Miller,* 194 W. Va. 3, 459 S.E.2d 114 (1995). Poncho Morris, one of petitioner's trial attorneys, testified at the omnibus evidentiary hearing that when he was preparing for sentencing, he discovered that the forensic expert failed to test a certain ash mark on petitioner's boot. Petitioner asserts that this evidence could have been used to corroborate his defense that he was inside of the house when the fire started, and therefore, the first prong of *Strickland* has been met. He further contends that the evidence could possibly have introduced reasonable doubt, thereby satisfying the second prong of *Strickland.* Petitioner also alleges that he received ineffective assistance of counsel because his attorney failed to move for a change of venue due to pretrial publicity.

In reviewing counsel's performance, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue.

*Miller*, 194 W. Va. at 6, 459 S.E.2d at 117, syl. pt. 6. This Court "always . . . presume[s] strongly that counsel's performance was reasonable and adequate[,]" and

[t]he test of ineffectiveness has little or nothing to do with what the *best* lawyers would have done. Nor is the test even what most good lawyers would have done. We only ask whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at the time, in fact, worked adequately.

*Id.* at 16, 459 S.E.2d at 127. Certainly, with the benefit of hindsight, "one always may identify shortcomings, but perfection is not the standard for ineffective assistance of counsel." *Id.* at 17, 459 S.E.2d at 128.

We find that petitioner has failed to satisfy the first prong set forth in the *Strickland* test. The only evidence petitioner introduced to support his contention that his attorneys provided ineffective assistance was the testimony of Mr. Morris at the omnibus hearing. Mr. Morris stated that an ash mark on petitioner's boot should have been forensically tested. However, petitioner provided no evidence as to what the ash mark actually was or when it appeared on his boot. Further, the record indicates that, at trial, defense counsel attempted to discredit the fire investigation, as well as evidence of gasoline on petitioner's boot. Mr. Morris even argued during a motion for a new trial that the ash mark on petitioner's boot was evidence that he was inside the home when it caught fire. Petitioner also failed to show that he should have had a change of venue, as discussed further below. Based on the evidence, the circuit court concluded that petitioner failed to show that his counsel's performance was deficient under an objective standard of reasonableness. We agree.

Petitioner's second assignment of error, that the evidence presented was insufficient to sustain his conviction, is also without merit. Petitioner asserts that no one saw him in possession of a gas canister or any other accelerant on the night in question. He states that firefighters and police arrived shortly after the fire started and found no evidence of a container containing a fire accelerant. Petitioner contends that this, combined with the defense's fire expert's testimony that the fire started inside the house, is prima facie proof of reasonable doubt.

Claims regarding the sufficiency of evidence to support a criminal conviction are governed by syllabus point 3 of *State v. Guthrie*, 194 W. Va. 657, 461 S.E.2d 163 (1995), which states that

[a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the

prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. To the extent that our prior cases are inconsistent, they are expressly overruled.

Petitioner was convicted of one count of first-degree murder. West Virginia Code §61-2-1 provides that

[m]urder by poison, lying in wait, imprisonment, starving, or by any willful, deliberate and premeditated killing, or in the commission of, or attempt to commit, arson, kidnapping, sexual assault, robbery, burglary, breaking and entering, escape from lawful custody, or a felony offense of manufacturing or delivering a controlled substance as defined in article four, chapter sixty-a of this code, is murder of the first degree.

Petitioner was also convicted of first-degree arson. West Virginia Code §61-3-1(a) provides, in part, that

[a]ny person who willfully and maliciously sets fire to or burns, or who causes to be burned, or who aids, counsels, procures, persuades, incites, entices or solicits any person to burn, any dwelling, whether occupied, unoccupied or vacant, or any outbuilding, whether the property of himself or herself or of another, shall be guilty of arson in the first degree and, upon conviction thereof, be sentenced to the penitentiary for a definite term of imprisonment which is not less than two nor more than twenty years.

The State presented numerous witnesses at trial who were present on the night of the fire. They presented consistent accounts of the evening, indicating that petitioner was observed standing on the front porch, crouching down, and then fire "shot up over his head." After the fire started, he remained at the scene and was overheard saying that he burned the victim alive. Witnesses incarcerated with petitioner prior to the fire testified that he stated his intent to burn the victim. The circuit court found that there was evidence an accelerant was used, and that petitioner had gasoline on his pants, as well as a lighter in his possession. The doors and windows of the home were barricaded, and petitioner gave varying accounts of where he was when the fire started. The circuit court concluded that the evidence was sufficient to sustain petitioner's conviction. We agree with the court's conclusion.

Petitioner's third assignment of error, that his trial was tainted by pretrial publicity, is similarly without merit.[2] We have held that

---

[2] Pursuant to West Virginia Rules of Appellate Procedure 10(c)(10)(b), Petitioner's counsel admits that he cannot ethically argue that the trial court abused its discretion by denying Petitioner

[t]o warrant a change of venue in a criminal case, there must be a showing of good cause therefor, the burden of which rests upon defendant[.]… The good cause aforesaid must exist at the time application for a change of venue is made. Whether, on the showing made, a change of venue will be ordered, rests in the sound discretion of the trial court; and its ruling thereon will not be disturbed, unless it clearly appears that the discretion aforesaid has been abused.

Syl. Pt. 2, in part, *State v. Wooldridge*, 129 W. Va. 448, 40 S.E.2d 899 (1946).

Petitioner alleges that Jackson County newspapers ran at least eighteen stories regarding his case and that the story was one of the top ten most popular stories in 2010 in one of those newspapers. This Court has held that "[w]idespread publicity, of itself, does not require change of venue, and neither does proof that prejudice exists against an accused, unless it appears that the prejudice against him is so great that he cannot get a fair trial." Syl. Pt. 1, *State v. Gangwer*, 169 W. Va. 177, 286 S.E.2d 389 (1982). The circuit court concluded that even if petitioner's assertions are true, he did not show good cause for a change of venue. Jurors were asked during voir dire if they had prior knowledge of the case and if such knowledge would render them unable to fairly and impartially judge the case, thereby addressing any issues of pretrial publicity. We find that petitioner has failed to show that good cause existed for a change of venue.

Petitioner's fourth assignment of error, that the circuit court erred in denying him habeas corpus relief on the basis that his sentences are excessive, is also without merit.[3] There are two tests for determining whether a sentence is so disproportionate to the crime that it violates Article III, Section 5 of the West Virginia Constitution. "The first is subjective and asks whether the sentence for the particular crime shocks the conscience of the court and society. If a sentence is so offensive that it cannot pass a societal and judicial sense of justice, the inquiry need not proceed further." *State v. Adams*, 211 W. Va. 231, 233, 565 S.E.2d 353, 355 (2002). To determine whether a sentence shocks the conscience, this Court considers all of the circumstances surrounding the offense. *Id.* If a sentence is found not to shock the conscience, this Court proceeds to the objective test. *Id.* Under the objective test, to determine whether a sentence violates the proportionality principle, "consideration is given to the nature of the offense, the legislative purpose behind the punishment, a comparison of the punishment with what would be inflicted in other jurisdictions, and a comparison with other offenses within the same jurisdiction." *Id.* at 232, 565 S.E.2d at 354, syl. pt. 2, in part. (citation omitted).

In the instant case, petitioner was found guilty of barricading the exits of the home he shared with the victim and intentionally setting the home on fire with the intent to kill the victim. He was convicted of first-degree murder, and under West Virginia Code § 61-2-2, the penalty is

habeas relief on the ground that he failed to establish a factual and legal basis for this habeas challenge because there was no evidence given on this issue at the omnibus hearing.

[3] Petitioner's counsel admits that given the circumstances of the case, it cannot be argued that the trial court abused its discretion in sentencing. Petitioner's counsel admits that the length of the arson sentence does not matter since petitioner was sentenced to life without mercy for the first-degree murder conviction.

confinement in the penitentiary for life. This Court has held in prior cases that life without mercy is not an excessive sentence for first-degree murder. *See State v. Wilson* 237 W. Va. 288, 787 S.E.2d 559 (2016) (finding that a sentence of life without mercy for first-degree murder was within the court's discretion and justified given the facts of the case); *State v. Shafer* 237 W. Va. 616, 789 S.E.2d 153 (2015) (finding that defendant's sentence of life without mercy for first-degree murder was not excessive); *State v. Blevins* 231 W. Va. 135, 744 S.E.2d 245 (2013) (holding that defendant's consecutive life sentences without mercy were not excessive). Petitioner's conviction of life without mercy was not excessive given the nature of his crime.

Petitioner was also convicted of first-degree arson, which carries a penalty of not less than two nor more than twenty years of incarceration. W. Va. Code § 61-3-1. We have found that "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 3, *State v. Georgius*, 225 W. Va. 716, 696 S.E.2d 18 (2010). On appeal, Petitioner does not allege that his sentence for this crime was based on any impermissible factors. As such, we find that petitioner's sentence of twenty years of incarceration for first-degree arson falls within the statutory limits and is, therefore, not subject to appellate review.

Lastly, petitioner argues that the circuit court erred in denying his petition for habeas relief on the basis that the State knowingly used perjured testimony. Pursuant to West Virginia Rule of Appellate Procedure 10(c)(7),

> [t]he argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

The circuit court found that petitioner presented no evidence regarding the issue below. Petitioner also failed to present evidence to support his assertion to this Court. We, therefore, find that this argument has no merit.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** April 19, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison